IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
RAYMOND BRACONIER,            )
                              )
          Plaintiff,          )
                              )
     v.                       )   Civ. No. 04-1407-SLR
                              )
DELAWARE NATIONAL BANK,       )
MARK HUNTLEY, CEO and         )
MARY MURPHY,                  )
                              )
          Defendants.         )
```

**MEMORANDUM ORDER**

**I.   INTRODUCTION**

Plaintiff Rayomond Braconier, a pro se litigant, filed this action against defendants Delaware National Bank, Mark Huntley, CEO, and Mary Murphy. (D.I. 2) He requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (D.I. 1) He also filed a "Notice of Amendment" that indicates he will amend his complaint within 30 days of the court's granting of in forma pauperis. (D.I. 4)

**II.  STANDARD OF REVIEW**

Reviewing complaints filed pursuant to 28 U.S.C. § 1915 is a two step process. First, the court must determine whether the plaintiff is eligible for pauper status. Whether to grant or deny an in forma pauperis petition lies within the sound discretion of the trial court. Jones v. Zimmerman, 752 F.2d 76,

78 (3d Cir. 1985). Factors to consider in this determination are: (1) whether the plaintiff is employed; (2) plaintiff's annual salary; and (3) any other property or assets the plaintiff may possess. See e.g. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948)(detailing economic standards to be employed in deciding in form pauperis applications); United States v. Scharf, 354 F. Supp. 450 (E.D. Pa. 1973)(same). The right to proceed in forma pauperis, particularly in pro se cases, should generally be granted where the required affidavit of poverty is filed, except in extreme circumstances. Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976), citing Lockhart v. D'Urso, 408 F.2d 354 (3d Cir. 1969).

Plaintiff has submitted an affidavit stating that he is retired and receives "$169 and $415 monthly from SS and SSI." (D.I. 1) He has $2,000 in a bank account and owns a 1971 truck valued at $100. (Id.) Plaintiff lists no one dependent on him for financial support. Considering plaintiff's obligations and income in light of the authority above, the court finds plaintiff does not have the ability to pay the $250 filing fee, and the petition to proceed in forma pauperis is granted.

Having made the pauper determination, the court must determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief pursuant to 28

U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).[1] If plaintiff's complaint falls under any one of the exclusions listed in the statutes, the complaint will be dismissed.

When reviewing complaints pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1), the court must apply the standard of review provided for in Fed. R. Civ. P. 12(b)(6). Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000). According to the Third Circuit, "if a claim is based on facts that provide no basis for the granting of relief by the court, the claim must be dismissed." Id. The standard for determining whether an action is frivolous is well established. The Supreme Court has explained that a complaint is frivolous "where it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).[2]

With this in mind, pro se complaints are reviewed under

---

[1]These two statutes work in conjunction. Section 1915(e)(2)(B) authorizes the court to dismiss an in forma pauperis complaint at any time, if the court finds the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. Section 1915A(a) requires the court to screen prisoner in forma pauperis complaints seeking redress from governmental entities, officers or employees before docketing, if feasible, and to dismiss those complaints falling under the categories listed in § 1915A (b)(1).

[2] Neitzke applied § 1915(d) prior to the enactment of the Prisoner Litigation Reform Act of 1995 (PLRA). Section 1915 (e)(2)(B) is the re-designation of the former § 1915(d) under the PLRA. Accordingly, cases addressing the meaning of frivolousness under the prior section remain applicable. See § 804 of the PLRA, Pub.L.No. 14-134, 110 Stat. 1321 (April 26, 1996).

"less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Estelle v. Gamble, 429 U.S. 97, 106 (1976)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

III. DISCUSSION

Plaintiff's complaint contains no information about his claims or defendants' conduct. (D.I. 2) The only clues he provides are that this is "not a discrimination suit" and is brought under 28 U.S.C. § 1331.[3] Given the absence of any statements regarding his case, it is impossible to determine the nature of suit for purpose of review under the authority outlined above. Since plaintiff has filed a notice of his intention to file an amendment to his complaint after the in forma pauperis review, the court will defer analysis under 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1) until plaintiff files his amended complaint.

IV. CONCLUSION

---

[3]This section provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

At Wilmington this  11th  day of April, 2005, for the reasons stated;

IT IS ORDERED that:

1. Plaintiff's motion for in forma pauperis (D.I. 1) is granted.

2. Plaintiff shall file his amended complaint on or before **May 15, 2005.** Failure to comply with this order shall result in dismissal of this case.

                                                   _____
                                                   United States District Judge