IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE


RAYMOND BRACONIER,           )
                             )
          Plaintiff,         )
                             )
     v.                      )    Civ. No. 04-1407-SLR
                             )
DELAWARE NATIONAL BANK,       )
MARK HUNTLEY, CEO and         )
MARY MURPHY,                  )
                             )
          Defendants.         )


**MEMORANDUM ORDER**


**I.   INTRODUCTION**

       Plaintiff Rayomond Braconier, a pro se litigant, filed this

action against defendants Delaware National Bank, Mark Huntley,

CEO, and Mary Murphy.  (D.I. 2)  He requested leave to proceed in

forma pauperis pursuant to 28 U.S.C. § 1915.  (D.I. 1)  He also

filed a "Notice of Amendment" to amend his complaint within 30

days of the court's granting of in forma pauperis.  (D.I. 4)  On

April 11, 2005, the court granted plaintiff's in forma pauperis

motion and ordered him to file his amended complaint before May

15, 2005 or face dismissal.  (D.I. 7)  The court deferred

analysis of the complaint under 28 U.S.C. §§ 1915(e)(2)(B)

pending receipt of the amended complaint.  Plaintiff filed his

amended complaint on May 12, 2005.  (D.I. 7)  For the reasons

that follow, plaintiff's complaint is dismissed as frivolous.

## II.  STANDARD OF REVIEW

Having granting in forma pauperis on April 11, 2005, the court must now determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).[1] If plaintiff's complaint falls under any one of the exclusions, the complaint will be dismissed.

When reviewing complaints pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1), the court must apply the standard of review provided for in Fed. R. Civ. P. 12(b)(6).  Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).  According to the Third Circuit, "if a claim is based on facts that provide no basis for the granting of relief by the court, the claim must be dismissed."  Id.  The standard for determining whether an action is frivolous is well established.  The Supreme Court has explained that a complaint is frivolous "where it lacks an arguable basis either in law or fact."  Neitzke v. Williams, 490

_____

[1]These two statutes work in conjunction.  Section 1915(e)(2)(B) authorizes the court to dismiss an in forma pauperis complaint at any time, if the court finds the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief.  Section 1915A(a) requires the court to screen prisoner in forma pauperis complaints seeking redress from governmental entities, officers or employees before docketing, if feasible, and to dismiss those complaints falling under the categories listed in § 1915A (b)(1).

2

U.S. 319, 325 (1989).[2]

With this in mind, pro se complaints are reviewed under

"less stringent standards than formal pleadings drafted by

lawyers and can only be dismissed for failure to state a claim if

it appears 'beyond doubt that the plaintiff can prove no set of

facts in support of his claim which would entitle him to

relief.'"    Estelle v. Gamble, 429 U.S. 97, 106 (1976)(quoting

Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); accord Higgins v.

Beyer, 293 F.3d 683, 688 (3d Cir. 2002).

## III.  DISCUSSION

Plaintiff alleges that defendant Murphy participated in a

scheme to enter his safety deposit box,[3] without his permission

or a warrant.  (D.I. 2)  In perpetrating this event, plaintiff

claims defendant Murphy made false statements to him and to the

police on January 9, 2004.  Plaintiff indicates that he alerted

the police of the situation and officers soon arrived at DNB to

prevent the intrusion.  He denies any "wrongful behavior

concerning DNB claims" and states that there is information in

the Newark Police Department's Records Department that will

_____

[2] Neitzke applied § 1915(d) prior to the enactment of the
Prisoner Litigation Reform Act of 1995 (PLRA).  Section 1915
(e)(2)(B) is the re-designation of the former § 1915(d) under the
PLRA.  Accordingly, cases addressing the meaning of frivolousness
under the prior section remain applicable.  See § 804 of the
PLRA, Pub.L.No. 14-134, 110 Stat. 1321 (April 26, 1996).

[3] The safety deposit box is located at defendant Delaware
National Bank ("DNB").  (D.I. 2)

3

exonerate him and buttress his claims.  He attaches a copy of a
letter he sent to the Newark Police requesting that these
documents be forwarded to the court.  (D.I. 7)  For relief, he
requests damages in the amount of $100,000 and that the court
permanently restrain defendants from instituting any action
against him.

Although the court afforded plaintiff an opportunity to
amend his complaint to explain the nature of the allegations, his
submissions still fail to illuminate the nature of this action.
To the extent plaintiff seeks to invoke the court's jurisdiction
pursuant to 28 U.S.C. § 1331,[4] he has failed to indicate the
statute or Constitutional right implicated by defendants' alleged
conduct.  Likewise, there is nothing presented to demonstrate
that jurisdiction is appropriate under 28 U.S.C. § 1332.[5]  In
fact, only this much is clear:  plaintiff is upset over the
defendants' attempts to access his safe deposit box.  It appears
that defendants were unsuccessful in opening the box due to the
efforts of plaintiff and the police.  Construing these
allegations liberally, the court cannot conceive of any

---

[4]28 U.S.C. § 1331 provides that district courts "shall have
original jurisdiction of all civil actions arising under the
Constitution, laws or treaties of the United States."

[5]28 U.S.C. § 1332 provides district courts with original
jurisdiction over all civil actions where the amount in
controversy is $75,000 or more and is between citizen of
different states.

4

Constitutional violations or other remotely arguable legal theories raised by his claims.

**IV.  CONCLUSION**

At Wilmington this      *3d*      day of June, 2005, for the reasons stated;

IT IS ORDERED that plaintiff's complaint is dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).


_____
United States District Judge

5